LaVine, Plaintiff in error, vs. The State, Defendant in error.

*November 15, 1930—March 10, 1931.*

44

For the plaintiff in error there was a brief by *Brennan, Lucas & McDonough* and *Howard P. Haberla,* attorneys, and *Martin J. Brennan* of counsel, all of Milwaukee, and oral argument by *Mr. Brennan* and *Mr. Gerald L. McDonough.*

For the defendant in error there was a brief by the *Attorney General, George A. Bowman,* district attorney, and *Walter J. Hofer,* assistant district attorney, and oral argument by *Mr. Bowman* and *Mr. Hofer.*

The following opinion was filed December 9, 1930:

FOWLER, J. (1) The defendant assigns as error that the evidence does not warrant a finding by the jury, beyond reasonable doubt, either that the rupture of the woman's aorta resulted from external violence as distinguished from natural causes, or if it did result from such violence that the violence was inflicted by the defendant. We consider that the evidence justified the jury in believing beyond a reasonable doubt that the facts are as above stated, and that, the facts being as stated, they justify the inference by the jury, both that the rupture was caused by external violence and that the defendant inflicted the violence, this although the finding that the defendant inflicted the violence rests wholly on circumstantial evidence. No useful purpose would be served by discussion.

(2) Error is assigned because Dr. Miloslavich, who made the post-mortem examination, was permitted to state in answer to the question: "What in your opinion caused the aorta in this case to burst," that "the aorta ruptured on account of external violence, with injuries to the chest bone, to the mediastinum, and to the underlying aorta. I was able to determine and find the direct continuity of injury from the skin to the aorta." The point is urged that the doctor could give his opinion only in answer to a hypothetical question stating all the facts upon which his opinion was based.

But the doctor had made a post-mortem examination. He had testified fully as to the conditions he had found and there was no dispute whatever as to those conditions. His answer was manifestly based upon the facts disclosed by his own examination as stated by him at the immediate time to the jury. In this situation a hypothetical question would have been useless and senseless. The defendant's testimony was not in at the time the doctor gave his opinion. If there was anything that the defendant's counsel intended to prove that could affect the doctor's opinion, he could have put a hypothetical question including such matters if he desired.

(3) Defendant assigns as error that the trial court should have discharged the defendant because in his chambers while discussing with counsel the matter of submission of the case to the jury he expressed doubt as to sufficiency of the proof and opinion that manslaughter in the first degree was the highest degree of homicide that should be submitted, and urges that on this account this court should order the defendant to be discharged or at least grant a new trial. It would seem that if the trial judge did have doubt and opinion as stated at close of the testimony, he concluded otherwise thereafter, and that this is enough to say upon this point. That counsel for the defense were unable to overcome the argument of the district attorney and keep the trial judge in the state of doubt and opinion stated, if he in fact was in such condition of mind, is, of course, unfortunate for the defendant, but such misfortunes are necessarily inherent in our system of jurisprudence.

(4) Error is assigned because the district attorney questioned the defendant about the cause of the revocation of a probation which had been granted him on his sentence of three years to the Green Bay reformatory. The defendant had previously testified, in answer to question of his own counsel upon his direct examination, that this probation was revoked because he had left the state to go to a tuberculosis

sanatorium in California. The district attorney asked him if his probation was not in fact revoked because of his stealing a watch, a camera, and $13 belonging to Alma Goetz, and the defendant answered that he did not recall that. If this was the fact, the question was proper in view of the defendant's previous statement. The district attorney, as we infer, offered a record to show that this was the fact and the court eventually sustained objection to its receipt. He solved the problem raised by the objection of the defendant's counsel to introduction of the record containing the testimony on which the probation was revoked, by eventually striking out all the testimony respecting the revocation and all questions and answers relating thereto, and directing the jury to disregard everything that had occurred respecting the matter of probation. This, whether a proper solution or not, was favorable enough to the defendant, and in any case not prejudicial, in view of the numerous convictions and sentences which the defendant admitted properly shown to affect his credibility as a witness. These were: larceny of an automobile with sentence of three years with suspension on probation; violation of the probation and commitment to the Green Bay reformatory pursuant to the sentence; forgery with sentence of one year to the Milwaukee house of correction; forgery and abandonment with sentence of two years to Waupun on each charge running concurrently; abandonment with a two-year sentence on probation.

*By the Court.*—The judgment is affirmed.

A motion for a rehearing was denied, without costs, on March 10, 1931.